FILED

2003 NOV 13 P 4: 24

U.S. DISTRICT COURT
NEW HAVEN CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAX KAPLAN,<br><br>    *Plaintiff*<br><br>VS.<br><br>MYRNA LEHRER,<br><br>    *Defendant/Third Party*<br>    *Plaintiff*<br><br>VS.<br><br>RITA LITVACK,<br><br>    *Third-Party Defendant* | CASE NUMBER: 300CV00610 (EBB)<br><br><br><br><br><br><br><br><br><br><br><br><br>NOVEMBER 13, 2003 |

**OBJECTION TO RECOMMENDED RULING ON
DEFENDANT'S MOTION FOR RECONSIDERATION**

On November 5, 2003, U.S. Magistrate Joan Margolis issued a Recommended Ruling in this matter in relation to the Defendant's Motion for Reconsideration of the Court's ruling on Plaintiff's Motion to Substitute and Motion to Open Judgment of Dismissal November 18, 2002. A copy of that Recommended Ruling is attached hereto as Exhibit "A". The Plaintiff hereby objects to the Recommended Ruling. A copy of Magistrate Margolis' first decision is attached hereto as Exhibit "B".

## FACTS:

On September 17, 2002 the named Plaintiff, Max Kaplan, died a resident of the State of New York. His last will and testament designated his daughter Rita Litvack to be Executrix of his estate. Rita Litvak was not appointed by Surrogate Court of the State of New York until the end of October, 2002, due in part to the Defendant's objection to her appointment. Apparently, however, the Surrogates Court did not release Mrs. Litvack's letters of appointment until the end of November, 2002.

While Ms. Litvack promptly moved to be appointed Executrix in the Surrogates Court within the Supreme Court of New York[1], the Defendant Myna Lehrer contested her appointment and contested the will. These issues were ultimately resolved in the Surrogate Court. Ultimately Ms. Lehrer withdrew objection to the will and Ms. Litvack was appointed. Ms. Litvack was appointed Executrix and now has authority to pursue this matter. She received her letters of appointment at the end of November 2002.

While Ms. Litvack promptly moved to be substituted, due to the fact that a delay occurred while she determined whether Mr. Kaplan's counsel would continue in the

---

[1] Mrs. Litvak, being observant of Jewish custom, did not file for letters until her religious mourning period concluded.

matter[2]. While this delay did occur, it was only a short delay. In fact, the period within which to be substituted had not expired. Mr. Kaplan's existing counsel is a legal clinic at Touro University.

At the time the Motion to Dismiss was filed, there was no fiduciary appointed and, therefore, no party plaintiff to object to the Defendant's Motion to Dismiss. A timely Motion to Set Aside the Judgment of Dismissal was filed along with a Motion to Substitute.[3]

**ARGUMENT:**

**I.    Federal Rule of Civil Procedure §25(a) Allows the Successors or Representatives of a Deceased Party Ninety (90) Days to Seek Substitutions.**

Federal Rule of Civil Procedure §25(a) provides:

> <u>If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.</u> The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in

---

[2] It is absolutely essential to understand that there was a short delay. The Plaintiff's representative filed a timely Rule 25(a)(1) motion to be substituted. It is also absolutely essential to note that the Defendant made no showing whatsoever of any hardship occasioned by filing within the 90 day period. No extension was necessary. Moreover, no formal Suggestion of Death was ever filed and served by the Defendant.

[3] While the Defendant argues that Ms Litvack sat back and waited, that is not true. At the time the Motion to Dismiss was filed, and when it was granted, Ms. Litvack had not received her appointment as Executrix. Rule 25(a) of the Federal Rules of Civil Procedure specifically provides the Plaintiff's representative with 90 days within which to seek substitution. The Magistrate's ruling, if accepted, has the effect of reducing that time period to less than 90 days if the Defendant files a Motion to Dismiss prior to the expiration of 90 days. Such a conclusion is contrary to the plain language of F. R. Civ. P. 25.

3

the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. <u>Unless the motion for substitution is made not later than 90 days after the death</u>

<u>is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.</u>

A. THE DECEASED PLAINTIFFS REPRESENTATIVE FILED A TIMELY MOTION TO BE SUBSTITUTED.

The Court has already determined Rita Litvack's Motion to Substitute to be timely. The Plaintiff was Max Kaplan. He died. When Ms. Litvack promptly sought letters of administration regarding Mr. Kaplan's estate and thus the authority to actually prosecute Mr. Kaplan's case and to be substituted as a Party Plaintiff, it was the Defendant who delayed her appointment. To claim that Ms. Litvack sat back and waited is somewhat perplexing. The Motion to Substitute was timely under Rule 25(a). What is also apparent is that absent a representative of the estate there was no plaintiff to object to the Motion to Dismiss. Mrs. Litvack did not receive her orders in regards to the Kaplan Estate until November 22, 2002. She could not respond to the Motion to Dismiss on behalf of the Estate of Max Kaplan[4].

---

[4] In fact, the Defendant's Motion to Dismiss was filed prematurely. The Court should not have granted the Motion with or without a response from any party during the 90 day period. Rule 25(a) is a safe harbor. The Court has no discretion to vary the Rules of Civil Procedure, since the Plaintiff's representative still had time to file a Motion to be Substituted. There was no basis to dismiss the case. Moreover, as set forth later in this brief, the generally accepted rule is that the substitute party steps into the shoes of the decedent and takes over the case in exactly the same position it was on the date of death.

4

Conn. Gen. Stat. § 52-599 provides:

> (a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.
>
> (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. <u>If a party plaintiff dies, his executor or administrator may enter within six months of the plaintiff's death or at any time prior to the action commencing trial and prosecute the action in the same manner as his testator or intestate might have done if he had lived.</u> If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed.

The purpose of Conn. Gen. Stat. §52-599 is to prevent a cause of action from being lost by the death of the possessor. Federal Rule of Civil Procedure provides exactly the same. Upon death, Plaintiff's right of action accrues to the fiduciary of the decedent's estate, only the fiduciary may continue the suit. Another party to the action has no right to continue the action on behalf of the decedent. The only proper first step is to substitute the fiduciary before the claim can be pursued and because the Plaintiff's claims are state law claims, Connecticut law applies.

The Defendant's Motion to Dismiss was filed on October 15, 2002.[5] The Court granted the Motion to Dismiss on November 11, 2002. Mr. Kaplan was dead. The estate representative had not received her letters of administration. There was no fiduciary even eligible to be substituted[6]. Mr. Litvack did not receive Restricted Preliminary Letters Testamentary until well after November 13, 2002.[7] The Motion to Substitute was filed on January 13, 2003, when it was determined that Attorney Marianne Artusio, who was Mr. Kaplan's attorney, had not proceeded to do so. The undersigned counsel was not retained by Mr. Litvack on behalf of the Kaplan estate until January 2003. Ms. Litvack did not "sit back," but acted promptly when she discovered prior counsel had not yet filed a Motion to Substitute. She instructed Connecticut counsel to do so. Most importantly, despite the delay, the Motion was timely.[8]

The dismissal was entered because there was, after the death of Mr. Kaplan, no party plaintiff appointed to pursue his action. Since there was not a person appointed

---

[5] It is important to note no Suggestion of Death had been filed. The first filing was the January 13, 2002 Motion to Dismiss. This triggered the 90 period within which to file the Motion to Substitute. To accept the Magistrate's ruling is to conclude that during the 90 day period granted by Rule 25(a) an opposing party may file dispositive motions and have them granted without opposition before a new opposing party is substituted. Such conclusion is contrary to the purpose of Rule 25(a).

[6] It is true, however, that Mrs. Litvack's appointment was signed before November 13, 2002. It was not released to her until November 22, 2002.

[7] Restricted at the time to pursue the litigation, later she received a full appointment. The defendant in this action actually objected to Mrs. Litvack's appointment, which delayed the process considerably. The objection resulted in the initial order being limited.

[8] Frankly, either Rule 25(a) allows 90 days to move for substitution or it does not. To permit the dispositive motions to be filed and granted before the substituted plaintiff has filed a motion for substitution amounts to a violation of due process.

until after November 13, 2002, there was no one to defend the Motion. The Motion was premature because the 90-day period had not expired. Moreover, the Motion to Substitute was timely filed. Until substitution was made, there was no way to attack the dismissal. Therefore, there was good cause to reopen the dismissal, there being no party to do so until after it had been granted. The effect of denying the Motion to Open would have been to punish the Plaintiff and his estate for dying. The Defendant is simply trying to take advantage of the delay which occurred due to the delay in obtaining letters of administration and the speed of the response by the Plaintiff's then counsel.

## II. THE MAGISTRATE'S RECOMMENDED RULE MISAPPLIES RULES 25(a) AND 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The essential error in the Magistrates Recommended Ruling is that somehow the period of time allotted by Federal Rule of Civil Procedure 25(a)(1) is shortened if the Defendant files a Motion to Dismiss for failure to substitute as a party plaintiff the fiduciary of the Estate before the expiration of the F. R. Civ. Proc. 25(a)(1) 90-day period. This is simply error. The Federal Rules expressly allow the representative of a deceased party 90 days to seek substitution. It is not 90 days for some, but less if the remaining parties decide to file dispositive motions. The well-established law is that the substituted plaintiff would be substituted and would be in exactly the same position as

the decedent was on the date of his death. To rule otherwise would be absurd, in that even in every case in which a party dies the opposing party would have free rein to file motions without opposition. Either the plaintiff has 90 days or does not.

The Plaintiff Max Kaplan died on September 17, 2002. On October 15, 2002, the defendant Lehrer filed a Motion to Dismiss (Dkt. #82), claiming that the Plaintiff Kaplan had passed away on September 17, 2002, only 29 days earlier. No notice of Suggestion of Death was filed. No notice of Suggestion of Death was served on the proposed executor as required by Rule 25(a)(1). That Motion was premature and was filed at a time when there was no Party Plaintiff and what is troublesome about the Magistrate's Ruling is that it is contrary to her own prior decisions and Second Circuit precedent.

First, there never was a Notice of Suggestion of Death filed by the Defendant. The only reference to the death of Plaintiff is made in the Defendant's premature Motion to Dismiss on January 13, 2003. In <u>Servidone Construction Corporation v. Seymour Levine et al</u>, 156 F.3d 414 (2d Cir. 1998), the Second Circuit Court of Appeals clearly discouraged "elliptically mentioned" suggestions of death. <u>See, Servidone Construction Corporation v. Seymour Levine et al</u>, <u>supra</u>, at 415-416.

The Court said:

Neither position is correct. We have previously recognized that the Federal rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law. See *Iovino v. Waterson*, 274 F.2d 41 (2d Cir. 1959)

8

(Friendly, J.); see also *Staggers v. Otto Gerdau Co.*, 359 F.2d, 292, 295-96 (2d Cir. 1966) (applying Rule 25(a) (1) to a motion to dismiss for failure to substitute deceased's administrator in diversity action); 7C Charles Alan Wright, et al, Federal Practice and Procedure § 1952, at 526 (2d ed. 1986) (Fed. R. Civ. P. 25 (a)(1) is purely procedural and thus should be applied even in diversity cases). But the appellees are equally mistaken in suggesting that we are required —or even permitted—to dismiss pursuant to Fed. R. Civ. P. 25(a)(1). While Rule 25(a)(1) governs substitution motions filed before the district court, substitution motions made before the court of appeals are decided under Fed. R. App. P. 43. See 6 James Wm. Moore et al, Moore's Federal Practice § 25.10[7][c] (3d ed. 1998). Unlike Fed. R. Civ. P. 25(a)(1), rule 43 does not specify any time period for substitution. And in any event, even if we were to conclude that the ninety-day period from Fed. R. Civ. P. 25(a)(1) should apply here, there is no evidence in the record to suggest that "a statement of the fact of the death" has been properly served in accordance with Fed. R. Civ. P. 25(a)(1); accordingly, the record does not allow us to conclude that the ninety-day period under that rule would have begun to run. Moreover, it does not appear that appellants have suffered any prejudice from Levine's delay in making his substitution motion. Under these circumstances, we find it appropriate to (1) deny appellees' motion to dismiss, and (2) grant Levine's motion for substitution.

However, even if the Court were to construe the October 15, 2003 Motion to Dismiss as the "Suggestion of Death" required by Rule 25 (a), the Plaintiff's representative had until January 13, 2003 within which to file her Motion to Substitute. Moreover, Rule 25(a)(1) would have required service of the Suggestion of Death on Rita Litvack as fiduciary. In essence, the Magistrate faults the fiduciary for failing to respond to a premature Motion to Dismiss filed and decided before she existed as a party and before she, as fiduciary, was served personally with a Suggestion of Death. Most interesting is footnote 1 of the Magistrate's Recommended Ruling:

9

As the Recommended Ruling observed: "It would have been prudent for plaintiff to have filed a motion for extension of time, or even an objection to defendant Lehrer's Motion to Dismiss, rather than sit back and do nothing; it would have been prudent for plaintiff to have filed an objection to the November 7, 2002 endorsement as well, rather than sit back and do nothing." (At 3 n. 3)

The Recommended Ruling also instructed counsel to contact the Magistrate Judge's Chambers to arrange a continued settlement conference (at 3 n. 4); this order also was ignored by both parties.

What the Magistrate apparently largely ignores was that there was no Plaintiff. Max Kaplan was dead. No party had substituted, and that party – the proposed fiduciary– had every right to file that Motion anytime during the 90 day period and, in fact, was not even appointed at the time. The representative did not need an extension of time. The Plaintiff could not respond.

It is well established law that a party who replaces a deceased party receives the status of the deceased party at the time of death. The successor takes over without any other change in the status of the case. See, Brock, Wiener, Sered, Kreger & Weinberg v. Corey, Inc., 53 F. 3d 851, 852 (7th Cir. 1995).

The Court said of in Brock:

This argument misunderstands the nature of substitution in federal litigation. Sharyn Rankin entered the litigation under Fed. R. Civ. P. 25 ( c) as the legal representative of a deceased person, Brook Weiner under Fed. R. Civ. P. 25( c) as the legal successor to the original plaintiff. Their status in the litigation - - like the substantive claims they raise or defend - - tracks the positions of the original litigants. If Robert Rankin had waived

his right to a jury trial under Fed. R. Civ. P. 38(d), Sharyn Rankin could not set aside the decision after a bench trial and start over. If Bercoon Weiner had failed to comply with its discovery obligations, leading the judge to deem a critical fact established under Fed. R. Civ. P. 37(b)(2)(A), Brook Weiner could not avoid that sanction. A successor takes over without any other change in the status of the case. Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir. 1985); cf. Kaplan v. Joseph, 125 F.2d 602, 606 (7th Cir. 1942).

III.  **Conclusion:**

For all the reasons set forth above, the Plaintiff objects to the proposed ruling of the Magistrate.

THE PLAINTIFF

BY _____
Kenneth A. Votre (ct05981)
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT 06511
Tel. (203) 562-9955
Fax (203) 789-0776

11

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 13th day of November, 2003 to all counsel as follows:

William H. Clendenen, Jr., Esq.
Thomas Pellegrino, Esq.
400 Orange Street
P.O. Box 301
New Haven, CT 06502

Carolyn Kass, Esq.
Legal Clinic
Quinnipiac School of Law
275 Mount Carmel Avenue
Hamden, CT 06518

Marianne Artusio, Esq.
Elderlaw Clinic
Touro Law Center
300 Nassau Road
Huntington, NY 11743

_____
Kenneth A. Votre