UNITED STATES DISTRICT
DISTRICT OF CONNECTICUT

MAX KAPLAN                          :

VS.                                 :    CASE NUMBER 300CV00610(EBB)

MYRNA LEHRER,                       :

VS.                                 :    DECEMBER 2, 2003
                                    :
RITA LITVACK,                       :

### REPLY TO NOVEMBER 13, 2003 OBJECTION TO RECOMMENDED RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

The defendant/third party plaintiff Myrna Lehrer (Ms. Lehrer) submits the following reply to Rita Litvack's ("Ms. Litvack") November 13, 2003 Objection to Recommended Ruling on Defendant's Motion for Reconsideration ("Objection" "Obj."). As set forth below, Ms. Litvack has failed to demonstrate any error in the Ruling, and has failed to demonstrate "mistake, inadvertence or excusable neglect" necessary under Fed.R.Civ. P. 60 to relieve herself from the Judgment of Dismissal. Indeed, a close reading of the objection reveals that it is largely a mirror recitation of Ms. Litvack's August 8, 2003 Sur-Reply.

1

Any new arguments set forth by Ms. Litvack are unsupported as a matter of law and fail to set forth any proper or justifiable ground upon which the Magistrate's November 5, 2003 ("Ruling") should be disturbed.

A. ARGUMENT

I. SECTION I OF THE OBJECTION IS A RECITATION OF THE SUR-REPLY AND OFFERS NO NEW OR VALID REASON TO DISTURB THE MAGISTRATE'S RULING.

Section I of the Argument portion of Ms. Litvack's Objection (Objection, pp. 3-7) is essentially a verbatim recitation of Section I of the Argument portion of Ms. Litvack's August 8, 2003 Sur-Reply. There are two substantive changes: the wording of the heading has been changed and numerous footnotes have been inserted that contain argument without legal precedent. The argument made in the main text in Section I offers no new claims and most notably, does not address (indeed, it does not even mention) the Magistrate's November 5, 2003 Ruling. Indeed, Section I is factually in error in stating on page 3 that "[t]he Court has already determined the Motion to Substitute timely." As such, Section I of the Argument portion of the Objection is fatally defective.

II. ARGUMENTS SET FORTH IN THE FOOTNOTES TO SECTION I DO

2

## NOT PROVIDE A VALID BASIS FOR DISTURBING THE MAGISTRATE'S RULING.

To the extent any new arguments have been set forth in the myriad footnotes contained in Section I of the Argument portion of her objection, Ms. Lehrer responds to those footnotes as follows:

(a) As to footnote 1 (Obj., p. 2), *if* Ms. Litvack's observance of a religious tradition truly impacted the timeliness of her filing for letters, this only amplifies the Magistrate's criticism of Ms. Litvack in failing to avail herself of a motion for enlargement of time to respond.

(b) As to footnote 2 (Objection, p. 3), Ms. Litvack completely misconstrues the legal issue before the Magistrate on the Ruling. The sole issue before the Magistrate on the Ruling was "whether the Recommended Ruling improperly granted the Motion to Open under Rule 60(b)(1) due to plaintiff Litvack's failure to demonstrate "mistake, inadvertence...or excusable neglect." Ruling, p. 4. Ms. Lehrer was never required to show a "hardship," nor was this ever at issue. It is simply a smoke screen intended to conceal the deficiencies in Ms. Litvack's own actions.

3

Ms. Litvack also claims in footnotes 2 and 5 and in Section II, that no formal "Suggestion of Death" was ever filed and served by the defendant. This claim, unsupported by law, fails as a matter of law. Fed.R.Civ.P. 25(a)(1) sets forth the requirements for the suggestion of a party's death. Under Rule 25(a)(1), "death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion..." Fed.R.Civ.P. 25(a)(1). The rule does not call for the filing of a separate document entitled "Suggestion of Death" as is intimated by Ms. Litvack. Indeed, by calling for the suggestion of death to be made "on the record" Rule 25(a)(1) contemplates that a valid suggestion of death can be made in more than one form, so long as it is made "on the record" and served on all parties.

Ms. Lehrer met the requirements of Rule 25(a)(1). Her October 11, 2002 Motion to Dismiss stated that the plaintiff, Max Kaplan died in Huntington, New York on September 17, 2002. Further, the motion attached a copy of his death certificate. The motion to dismiss was served upon all appearing counsel, including Ms. Litvack's. The suggestion that Ms. Lehrer should have served Ms. Litvack separately as a non-party representative is not supported in

4

the law. First and most important, Ms. Litvack was a "party." Proper service was made to her through her counsel. Any claim that she was entitled to separate service as a representative is not supported in the law and fails as a practical matter because, as Ms. Litvack herself points out, she was not made a representative of the estate until November, 2002. Accordingly, there was no "representative" on October 11, 2002. Further, as this Court has observed, a "suggestion of death [is] not defective simply because a representative or successor for the deceased party [is] not named." George v. U.S., 208 F.R.D. 29, 32 (D.Conn, 2001)(citations omitted).

(c) As to footnote 5, Ms. Litvack asserts that the 90-day period for her to file a motion to substitute was triggered by the filing of the "January 13, 2002 Motion to Dismiss" (Obj., p. 6, n. 5). Ms. Lehrer is not aware of a motion to dismiss being filed on January 13, 2002. More to the point, Ms. Litvack also claims in footnotes 5 and 8 that the Magistrate's ruling has the effect of cutting-short the 90-day period Ms. Litvack had to file a motion to substitute. This claims fails for the simple fact that there was no dispositive motion filed "during" the 90-day period. Ms. Litvack's 90-day window of opportunity to file

5

a motion to substitute was not curtailed by any intervening act other than her own omission in failing to move for an enlargement and/or failing to relieve herself of Judgment of Dismissal under Rule 60.

II. **SECTION II OF MS. LITVACK'S OBJECTION FAILS TO SET FORTH ANY NEW OR VALID BASIS FOR DISTURBING THE MAGISTRATE'S RULING.**

In Section II of her Objection, Ms. Litvack claims that "the essential error" in the Magistrate's Ruling is that it "shortened" the 90-day period of time Ms. Litvack had to file a motion for substitution under Rule 25(a)(1) by allowing a motion to dismiss "for failure to substitute as a party plaintiff the fiduciary of the (deceased party's) Estate..." Obj., p. 7.

This argument fails on numerous grounds. First, the October 11, 2002 motion to dismiss was not premised on a "failure to substitute" a fiduciary of the deceased party's estate. Even if such a tortured interpretation of the motion were accepted, the motion to dismiss did not in any way limit or shorten the 90-day period to substitute as provided for in Rule 25. See argument, Section II (c), supra. Further, it is incorrect to suggest that there was no plaintiff to object to the motion to dismiss. Ms. Litvack concedes that

6

plaintiff was represented by the Touro Law clinic throughout the pendency of the Motion to Dismiss. There is no claim that counsel from the Touro law clinic did not receive the motion.

More to the point, Ms. Lehrer never contested the Magistrate's computation of the 90-day period of time because it was a non-issue. Ms. Lehrer contested Ms. Litvack's attempt to file a motion to substitute without first relieving herself of the judgment of dismissal under Rule 60. Ms. Litvack again suggests that she somehow had to wait to know whether Attorney Artusio was going to file a motion to substitute before doing so herself. Rule 25(a)(1) places no such restriction on her, however. Further, if Ms. Litvack felt she lacked "standing" to respond to the motion to dismiss, she could have nevertheless determine whether Attorney Artusio was going to respond. Again, Ms. Litvack has never filed an affidavit explaining what if any actions she took to determine Attorney Artusio's actions.

Ms. Litvack claims in Section II that there was never a formal Suggestion of death filed by the defendant. As set forth above (see Argument, Section I (b), supra), Ms. Lehrer filed a wholly proper suggestion of death on the record

and met all service requirements under Rule 25 (a)(1).  Ms. Litvack also argues that the only reference to Mr. Kaplan's death was in "the Defendant's premature Motion to Dismiss on January 13, 2003."  First, Ms. Lehrer did <u>not</u> file a Motion to Dismiss on January 13, 2003.  More to the point, the claim that the motion to dismiss was premature is inaccurate as a matter of law.  The time for Ms. Litvack to contest the motion to dismiss on its merits was abandoned, and she has failed to make a showing entitling her to relief from the judgment under Rule 60.  Ms. Litvack offers no legal support for the claim that Ms. Lehrer's motion to dismiss had to await Ms. Litvack's appointment as fiduciary.  Indeed, such a claim contradicts Rule 25(a)(1), in that it would delay the expiration of the 90-day period until such time as a fiduciary might get around to filing a motion to substitute.

Incredibly, Ms. Litvack suggests that the October 11, 2002 suggestion of death is defective because it only "elliptically mentioned" Mr. Kaplan's death.  The October 11, 2002 Motion to Dismiss not only stated the exact date and place of death, but it <u>attached a copy of the death certificate.</u>  Ms. Litvack's reliance on <u>Servidone Construction Corp. v. Seymour Levine, et al</u>, 156 F. 3d

414 (2d Cir. 1998) is grossly misplaced. There, the Court properly criticized a notice of appeal which simply referenced "the estate" of a party, giving no other indication whatsoever that the party had died. <u>Servidone, supra</u>, 156 F. 3d at 416. Ms. Lehrer's suggestion of death could not have been more informative or complete.

Finally, Ms. Litvack cites the Seventh Circuit case of <u>Brock, Weiner, Sered, Kreger & Weinberg v. Corey, Inc.</u>, 53 F. 3d 851, 852 (7th Cir. 1995) for the purported proposition that when she was substituted for the plaintiff in this case, she took over without "any other change in the status of the case." Rule 60(b), however, makes it clear that the filing of a motion for relief under it does not affect the finality of a judgment or suspend its operation. Further, the Magistrate has vacated its order granting the motion to open. Ms. Litvack has failed to set forth any proper basis under Rule 60 that would refute the Ruling. Accordingly, the objection should be overruled.

## CONCLUSION

This matter was properly dismissed by the Court. Ms. Litvack has failed to meet the stringent burden of showing mistake, inadvertence, or excusable

neglect necessary to relieve her of the judgment under Fed.R.Civ.P. §60(b), and has otherwise failed to show any reason why the Magistrate's ruling should be disturbed. The objection should accordingly be overruled.

THE DEFENDANT/THIRD-PARTY
PLAINTIFF MYRNA LEHRER

By: _____
THOMAS C. PELLEGRINO
Clendenen & Shea, LLC
400 Orange Street
P.O. Box 301
New Haven, Connecticut  06502
203/787-1183
CT 15394

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed, postage prepaid to Carolyn W. Kaas, Quinnipiac College School of Law, Legal Clinic, 275 Mt. Carmel Ave., Hamden, CT 06518 Marianne Artusio, Attorney at Law, Touro Law School, 300 Nassau, Huntington, NY 11743, Kenneth A. Votre, Esq., 667 State Street, New Haven, Connecticut 06511 on the 2nd day of December, 2003.

_____
CLENDENEN & SHEA, LLC