

UNITED STATES DISTRICT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAX KAPLAN | : |
| VS. | :     CASE NUMBER 300CV00610 (EBB) |
| MYRNA LEHRER, | : |
| VS. | :     DECEMBER 18, 2003 |
| RITA LITVACK, | : |

### MYRNA LEHRER'S RESPONSE TO RITA LITVACK'S DECEMBER 8, 2003 SUR-REPLY

The defendant/third party plaintiff Myrna Lehrer (Ms. Lehrer) submits the following response to Rita Litvack's ("Ms. Litvack") December 8, 2003 Sur-Reply ("surreply"). For purposes of reference, the surreply is attached hereto.

1. In her surreply, Ms. Litvack attacks the legal grounds upon which the Motion to Dismiss was granted. Beyond being substantively incorrect, Ms. Litvack lacks the authority to address or attack the motion to dismiss on its merits as a matter of law. Ms. Litvack chose not to respond to the motion to dismiss or the Magistrate's ruling granting it when she had both notice and the

1

opportunity to do so. Judgment was entered. Ms. Litvack failed, as a matter of law, to show an entitlement to relief from the judgment under Rule 60(b). Any present day attacks on the merits of the motion to dismiss are therefore moot, untimely and improper as a matter of law.

2. On page 3 of the surreply, Ms. Litvack argues that, at the time the Motion to Dismiss was filed, there was no fiduciary appointed and therefore, no party plaintiff to object to Ms. Lehrer's motion to dismiss. The claim is incorrect. Attorney Artusio has had an active appearance in the file at all times and was in a position to respond. Ms. Litvack also suggests that she was unable to do anything herself in response to the motion to dismiss, or under Rule 25, because she was not yet appointed a fiduciary of her father's estate. This claim fails because she clearly was not required to await an appointment to move to be substituted under Rule 25(a)(1), nor has she ever offered legal support for this position.

Ms. Litvack's attacks on the merits of the motion to dismiss and the judgment of dismissal are not proper because her time to do so has long since passed. She failed to show an entitlement to relief under Rule 60 (b)(1). Her

2

litany of factual assertions to the court have never once been accompanied by a supporting affidavit.

3. Ms. Litvack's reliance on <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467 (2d Cir. 1998) is misplaced. To the extent the motion to dismiss in <u>Unicorn</u> was filed after 90 days expired, the case is factually inapposite to the case at bar. Upon closer examination, <u>Unicorn</u> actually contradicts Ms. Litvack's positions. For example, similar to the position taken by Ms. Litvack, the appellant in <u>Unicorn</u> argued that Rule 25(a)(1) required the formal appointment of a fiduciary before said fiduciary could file a statement of death. The Court rejected this claim, stating that Rule 25(a)(1) was flexible in nature, and contained no such appointment requirement. <u>Unicorn Tales, Inc. v. Banerjee</u>, <u>supra,</u> 138 F.3d at 469-70. Further, the Court in <u>Unicorn</u> refused to allow a motion to substitute that was filed after the case was dismissed, holding that there "was no motion to substitute for the district court to allow..." <u>Id.</u>, at 470. The same holds true in this matter. Because Mr. Litvack failed to relieve herself of the judgment of dismissal, the motion to substitute was not properly before the court.

3

Respectfully submitted,

>THE DEFENDANT/THIRD-PARTY
>PLAINTIFF MYRNA LEHRER
>
>By: _____
>THOMAS C. PELLEGRINO
>Clendenen & Shea, LLC
>400 Orange Street
>P.O. Box 301
>New Haven, Connecticut  06502
>203/787-1183
>CT 15394

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed, postage prepaid to Carolyn W. Kaas, Quinnipiac College School of Law, Legal Clinic, 275 Mt. Carmel Ave., Hamden, CT 06518 Marianne Artusio, Attorney at Law, Touro Law School, 300 Nassau, Huntington, NY 11743, Kenneth A. Votre, Esq., 667 State Street, New Haven, Connecticut 06511 on the 18th day of December, 2003.

_____
CLENDENEN & SHEA, LLC

4

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MAX KAPLAN,

      *Plaintiff*

VS.

      CASE NUMBER: 300CV00610 (EBB)

MYRNA LEHRER,

      *Defendant/Third Party Plaintiff*

VS.

RITA LITVACK,

      *Third-Party Defendant*     December 8, 2003

## PLAINTIFF RITA LITVAK, ADMINISTRATOR OF THE ESTATE OF MAX KAPLAN'S SUR REPLY

On November 5, 2003, U.S. Magistrate Joan Margolis issued a Recommended Ruling in this matter in relation to the Defendant's Motion for Reconsideration of the Court's ruling on Plaintiff's Motion to Substitute and Motion to Open Judgment of Dismissal. The Plaintiff filed a timely Objection to the Recommended Ruling. The Defendant filed her response on December 1, 2003. The Plaintiff has requested permission to file this Sur-Reply.

**FACTS:**

On September 17, 2002 the named Plaintiff, Max Kaplan, died a resident of the State of New York. His last will and testament designated his daughter Rita Litvack to be Executrix of his estate. Rita Litvak was not appointed by the Surrogates Court of the State of New York until the end of October 2002, due in part to the Defendant's objection to her appointment. To complicate matters further, the Surrogates Court did not release Mrs. Litvack's letters of appointment to her until the end of November 2002.

Ms. Litvack promptly moved to be appointed Executrix in the Surrogates Court within the Supreme Court of New York[1], the Defendant Myna Lehrer contested her appointment and contested the will. These issues were ultimately resolved in the Surrogate Court. Ultimately Ms. Lehrer withdrew objection to the will and Ms. Litvack was appointed. Ms. Litvack was appointed Executrix and now has authority to pursue this matter. She received her letters of appointment at the end of November 2002.

While Ms. Litvack promptly moved to be substituted, due to the fact that a delay occurred while she determined whether Mr. Kaplan's counsel would continue in the

---

[1] Mrs. Litvak, being observant of Jewish custom, did not file for letters until her religious mourning period concluded.

matter[2]. While this delay did occur, it was only a short delay. In fact, the period within which to be substituted had not expired.

At the time the Motion to Dismiss was filed and acted upon, there was no fiduciary appointed and, therefore, no party plaintiff to object to the Defendant's Motion to Dismiss. A timely Motion to Set Aside the Judgment of Dismissal was filed along with a Motion to Substitute.[3]

**ARGUMENT:**

### I. THE PLAINTIFF'S OBJECTION IS FULLY SUPPORTED BY THE FACTS AND APPLICABLE LAW

Federal Rule of Civil Procedure Rule 25(a) provides in its entirety:

> (1) If a party dies and the claim is not thereby extinguished the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representation of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the

---

[2] It is absolutely essential to understand that there was a short delay. The Plaintiff's representative filed a timely Rule 25(a)(1) motion to be substituted. It is also absolutely essential to note that the Defendant made no showing whatsoever of any hardship occasioned by filing within the 90 day period. A formal Suggestion of Death was never filed and served by the Defendant prior to filing the Motion To Dismiss.

[3] While the Defendant argues that Ms Litvack sat back and waited, that is not true. At the time the Motion to Dismiss was filed, and when it was granted, Ms. Litvack had not received her appointment as Executrix, nor had ninety (90) days expired from the first suggestion of death on the record-which was the Motion To Dismiss. Rule 25(a) of the Federal Rules of Civil Procedure specifically provides the Plaintiff's representative with 90 days within which to seek substitution. The Magistrate's ruling, if accepted, has the effect of reducing that time period to less than 90 days when the Defendant files a Motion to Dismiss prior to the expiration of 90 days. Such a conclusion is contrary to the plain language of F. R. Civ. P. 25, which specifically provides that the action is subject to dismissal only after ninety (90) days have expired from the filing of the Notice of Death. In this case the "Notice of Death" appears to be the Motion to Dismiss.

      manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. <u>Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.</u>

(2)    In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties. (*Emphasis added*)

In this case the Court file will clearly reflect that no Suggestion of Death was ever filed. A motion to dismiss was filed on October 15, 2002, which was the first notice of any kind in the file which could possibly be construed as a Suggestion or Notice of Death. The ninety (90) day period within which to file the Motion to Substitute expired at the end of business on January 13, 2003.[4] Thus, according to Rule 25, the case could not be dismissed for failure to move to substitute the decedent's fiduciary until after January 13, 2003 and then only if the motion to substitute were not filed.[5] However, the motion was filed and it was timely. Essentially, the Magistrate and Defendants' counsel takes the position that even before a representative is appointed and substituted, either

---

[4] The Plaintiff acknowledges inadvertently reversing the dates in her objection. The Motion To Dismiss was filed on October 15, 2002 and the 90 day period expired on January 13, 2003. Plaintiffs' counsel apologizes for the confusion.

[5] Procedurally, the following occurred: (1) Mr. Kaplan died on September 17, 2002; (2) On October 15, 2002 the Defendant prematurely moved to dismiss the action for failure to substitute the fiduciary as a party plaintiff; (3) the Court granted the Motion on November 18, 2002; (4) The Motion to Substitute and Motion To Open was timely filed on January 13, 2003.

4

the deceased plaintiff or some unnamed and possibly non-existent potential substituted plaintiff must continue to prosecute or defend the case. To accept the Magistrate's ruling would be to amend Rule 25(a)(1) to provide that the case should be dismissed for failure to substitute upon filing a Motion To Dismiss at anytime prior to the expiration of ninety (90) days. The rule clearly does not support such a conclusion.

II. **THE DEFENDANT HAS OFFEREED NO AUTHORITY PERMITTING THE DEFENDANT TO MOVE TO DISMISS THE ACTION PRIOR TO THE EXPIRATION OF THE NINETY (90) DAY PERIOD.**

The Defendant has offered no law to support the argument that the Court has the authority to dismiss the action before the expiration of the ninety (90) day period. In Unicorn Tales Inc., v. Banerjee, 138 F.3d 467 (2d Cir. 1998), the U.S. Court of Appeals for the Second Circuit clearly discussed the procedure for dismissing an action for failure to substitute. In that case the Motion To Dismiss was not filed until the ninety (90) day substitution period expired.

This is because that is what Rule 25(a)(1) provides. The Defendant has shown no law which would allow the filing of the Motion To Dismiss for failure to substitute until

the requirements of Rule 25 were satisfied. In this case the procedure sanctioned by the Second Circuit was not followed.[6]

THE PLAINTIFF

BY /s/ *signature*
Kenneth A. Votre (ct05981)
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT 06511
Tel. (203) 562-9955
Fax (203) 789-0776

---

[6] Nor has the Defendant shown or even alleged she is in someway prejudiced by the Plaintiff's timely filing of her Motion to Substitute.

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 8th day of December, 2003 to all counsel as follows:

William H. Clendenen, Jr., Esq.
Thomas Pellegrino, Esq.
400 Orange Street
P.O. Box 301
New Haven, CT 06502

Carolyn Kass, Esq.
Legal Clinic
Quinnipiac School of Law
275 Mount Carmel Avenue
Hamden, CT 06518

Marianne Artusio, Esq.
Elderlaw Clinic
Touro Law Center
300 Nassau Road
Huntington, NY 11743

_____
Kenneth A. Votre