**MANDATE**

DC/New Haven
00-cv-610
Hon Burns

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of April, two thousand six.

PRESENT:

    HON. RICHARD J. CARDAMONE,
    HON. ROBERT D. SACK,

        Circuit Judges,

    HON. RICHARD C. CASEY,*

        District Judge.

------------------------------------------

MAX KAPLAN, BY HIS BEST FRIEND
STEVEN B. LITVAK,

    Plaintiff-Appellant,

    - v -    No. 04-2310

MYRNA LEHRER,

    Defendant-Third-Party Plaintiff-Appellee,

    - v -

RITA LITVAK,

    Third-Party Defendant-Appellant.

---

   * Of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: APR 2 6 2006

[Stamp: UNITED STATES COURT OF APPEALS FILED APR - 5 2006 Roseann B. MacKechnie, SECOND CIRCUIT]

```
------------------------------------------
```

Appearing for Appellant:       KENNETH A. VOTRE, New Haven, CT.

Appearing for Appellee:        WILLIAM H. CLENDENEN, New Haven, CT.

    Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, Judge).

    UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

    The third-party defendant Rita Litvak appeals an order of the United States District Court for the District of Connecticut denying her motion for relief from judgment under Fed. R. Civ. P. 60(b)(1),(4). Litvak argues that the district court's order granting the defendant's motion to dismiss was void because the ninety-day time limit for substitution imposed by Rule 25(a) had not yet passed at the time the order was entered. She therefore seeks relief from that judgment pursuant to Rule 60(b)(4). Litvak argues in the alternative that even if the judgment is not void, the order should be vacated because her failure to respond to the defendant's motion to dismiss constitutes "excusable neglect" for the purposes of Rule 60(b)(1). Neither argument succeeds.

    Litvak first argues that the district court's dismissal of her father's suit on account of his death was void. We review de novo whether or not a judgment was void, because giving effect to a void judgment is a per se abuse of discretion. State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004). A judgment is void if the court acted "in a manner inconsistent with due process of law." Beller & Keller v. Tyler, 120 F.3d 21, 23 (2d Cir. 1997) (citation and quotation marks omitted).

    Litvak contends that the district court lacked the legal power to order dismissal of the suit, because the ninety-day time limit imposed by Fed. R. Civ. P. 25(a) had not yet run. Nothing in Rule 25(a), however, gives another party a right to substitute him- or herself as a party to an action during that ninety-day period. Instead, the rule provides that "the court may order substitution" of proper parties. Fed. R. Civ. P. 25(a) (emphasis added); see Anderson v. Yungkau, 329 U.S. 482, 485 (1947) (noting the significance of the use of "may" rather than "shall" in applying an older version of Rule 25). Thus, the decision to

permit substitution rests in the discretion of the court. When defendant Lehrer moved to dismiss on the basis of Kaplan's death, Litvak had ample opportunity to respond to that motion, but she neither moved to substitute parties nor moved for a continuance under Rule 6(b). Having had such an opportunity, Litvak cannot now assert that she was denied due process of law. The court's order dismissing the case pursuant to D. Conn. L. Civ. R. 7(a)(1), which provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion," was therefore valid.

Litvak next argues that the district court should have ordered relief from judgment because her failure to respond to the defendant's motion constitutes "excusable neglect," permitting relief under Rule 60(b)(1). We review decisions to grant or deny motions to reopen judgment under Rule 60(b)(1) for an abuse of discretion. Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991). "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986).

Litvak maintains that her neglect in responding to the defendant's motion is excusable because she had not yet become fiduciary to her father's estate and so did not yet represent his legal interests. However, Rule 25(a) allows a motion to substitute to be made "by any party." Litvak, as a third-party defendant, was a party to the suit at the time of the defendant's motion to dismiss. She therefore could have responded to that motion by moving for a substitution of parties under Rule 25(a) or for an enlargement of time within which to do so under Rule 6(b). Moreover, it is not an excuse that the party seeking substitution had not yet become the legal representative of the deceased party's interest at the time when the motion should have been filed. See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). Thus, the district court did not abuse its discretion in deciding that Litvak's failure to take any action until after the court had entered judgment did not qualify as "excusable neglect" for the purposes of Rule 60(b)(1).

1   For the foregoing reasons, the judgment of the district
2   court is hereby AFFIRMED.


3                   FOR THE COURT:
4                   ROSEANN B. MACKECHNIE, Clerk

5                   *[signature: Lucille Carr]*
6                   By:

A TRUE COPY
Roseann B. Mackechnie, CLERK
by: [signature]
DEPUTY CLERK